# Third District Court of Appeal

## State of Florida

Opinion filed December 13, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D17-705
Lower Tribunal No. 16-31886
_____

## The City of Miami Beach, Florida,
Appellant,

vs.

## Florida Retail Federation, Inc., et al.,
Appellees.

An Appeal from the Circuit Court for Miami-Dade County, Peter R. Lopez, Judge.

Raul J. Aguila, City Attorney, and Donald M. Papy, Chief Deputy City Attorney, and Robert F. Rosenwald, Jr., First Assistant City Attorney, for appellant.

Fisher & Phillips LLP, and Charles S. Caulkins, James C. Polkinghorn and Candice Pinares-Baez (Fort Lauderdale); Pamela Jo Bondi, Attorney General, and Amit Agarwal, Solicitor General, and Jonathan L. Williams, Deputy Solicitor General (Tallahassee), for appellees.

Ross & Girten, and Lauri Waldman Ross and Theresa L. Girten, for Talbot "Sandy" D'Alemberte and other Legal Scholars as amicus curiae.

Kozyak Tropin & Throckmorton LLP, and Corali Lopez-Castro; Craig E. Leen, City Attorney for City of Coral Gables as amicus curiae.

Entin & Della Fera, P.A., and Richard F. Della Fera and Alvin E. Entin (Fort Lauderdale), for Main Street Alliance, as amicus curiae.

Hunton & Williams LLP, and Michael J. Mueller, for The Academy of Florida Management Attorneys, Inc., Associated Builders & Contractors, Inc. - Florida East Coast Chapter, Associated Industries of Florida, and National Federation of Independent Business, as amici curiae.

Before EMAS, SCALES and LINDSEY, JJ.

SCALES, J.

The City of Miami Beach ("City"), appellant and defendant below, appeals a summary judgment in favor of Florida Retail Federation, Inc. and other plaintiffs[1] ("Appellees") that invalidated City's minimum wage ordinance. We agree with the trial court that section 218.077(2) of the Florida Statutes is a preemption statute that expressly prohibits political subdivisions of the state from establishing a minimum wage; and that Article X, Section 24 of the Florida Constitution, approved by the voters in 2004, did not invalidate section 218.077's preemption provision.

I.      Facts

---

[1] In addition to Florida Retail Federation, the Appellees are Cefra, Inc., Florida Chamber of Commerce, Inc., Gavin Shamrock, Inc., Start Again, Inc., and Florida Restaurant and Lodging Association. Because the constitutionality of a state statute is at issue in this case, the State of Florida intervened below, filed a response in opposition to City's motion for summary judgment, and filed a brief in this appeal as an Appellee.

The relevant facts are not in dispute. In 2003, the Florida Legislature enacted section 218.077 which established the federal minimum wage as the minimum wage for the state of Florida. Subsection (2) of this statute preempted local government ordinances that would seek to raise the minimum wage above the federal wage amount.[2]

The following year, in 2004, Florida's voters passed a citizens' initiative to amend the Florida Constitution by adding Article X, Section 24 to it. This amendment established a higher, statewide minimum wage than the federal minimum wage. Included in this amendment was the following subsection (f):

> *This Amendment* provides for payment of a minimum wage and shall not be construed to preempt or otherwise limit the authority of the state legislature or any other public body to adopt or enforce any other law, regulation, requirement, policy or standard that provides for payment of higher or supplemental wages or benefits, or that extends such protections to employers or employees not covered by this amendment. (Emphasis added.)

---

[2] Section 218.077(2) reads, in its entirety, as follows: "Except as otherwise provided in subsection (3), a political subdivision may not establish, mandate, or otherwise require an employer to pay a minimum wage, other than a state or federal minimum wage, to apply a state or federal minimum wage to wages exempt from a state or federal minimum wage, or to provide employment benefits not otherwise required by state or federal law." Subsection (3)(a)1-3 excepts from subsection (2)'s preemption certain specified situations and authorizes local governments to establish a minimum wage other than a state or federal minimum wage for: the local government's employees, employees of contractors, and employees of an employer receiving a tax abatement or a subsidy from the local government. These exceptions are not implicated in this appeal.

3

Notwithstanding section 218.077(2)'s express restriction, City construed this provision in the amendment as granting it authority to enact a minimum wage higher than the one authorized by Article X, Section 24. Thus, in 2016, City enacted into its code of ordinances "Article XVII - City Minimum Living Wage." City's ordinance requires every employer subject to City's business tax receipt requirement to pay its workers City's minimum wage if those workers are otherwise covered by the Federal Fair Labor Standards Act.

In December of 2016, Appellees filed a two-count complaint against City seeking to invalidate City's minimum wage ordinance.[3] The parties filed cross motions for summary judgment and, on March 27, 2017, the trial court entered a final summary judgment for Appellees.[4] City timely appealed the trial court's summary judgment.

## II. Analysis[5]

City's principal argument is that the trial court erred by not concluding that the 2004 amendment to the Florida Constitution, which added Article X, Section

---

[3] Count one of the complaint sought a declaration that the ordinance was invalid because it was preempted by Section 218.077 of the Florida Statutes, and Count two sought injunctive relief based upon the same claim.

[4] Appellees voluntarily dismissed their injunctive relief claim below pending the result of this appeal.

[5] The trial court's summary judgment is based on an interpretation of a constitutional provision. Therefore, our review is de novo. Benjamin v. Tandem Healthcare, Inc., 998 So. 2d 566, 570 (Fla. 2008).

24, including subsection (f), nullified the preemption provision of section 218.077. City argues that the 2004 amendment was in "direct response" to the Legislature's enactment of section 218.077 in 2003, and the trial court also erred by failing to give effect to the circumstances surrounding the adoption of this constitutional provision. Conversely, Appellees argue that the plain language of the constitutional amendment does not affect the Legislature's express constitutional authority to preempt, by law, municipal powers.

As the trial court did, we focus on the text of the relevant constitutional provisions, construing their meaning in the same manner as we would construe a statute. Graham v. Haridopolous, 108 So. 3d 597, 603 (Fla. 2013). If the language of a constitutional amendment is clear and unambiguous, then we must enforce it as written. Id. This particular constitutional amendment is a product of a citizens' initiative approved by Florida voters pursuant to Article XI, section 3 of the Florida Constitution. As such, its explanatory history is limited, which can complicate a court's effort to determine the intent of the formulators of the proposed amendment and the voters who encountered it in stark print in voting booths. See Benjamin, 998 So. 2d at 570; Zingale v. Powell, 885 So. 2d 277, 282 (Fla. 2004). There is, however, no better perspective on intent than from an explicit text.

Further, when we examine City's argument that Article X, Section 24(f) nullifies the statute's preemption provision, we must observe that the statute itself enjoys a presumption of correctness. Fla. Dep't of Revenue v. Am. Bus. USA Corp., 191 So. 3d 906, 911 (Fla. 2016) (explaining that "in all constitutional challenges," statutes enjoy a "presumption of correctness and all reasonable doubts are to be resolved in favor of constitutionality"). Indeed, it is without dispute that Article VIII, Section 2(b) of the Florida Constitution[6] authorizes the Legislature to preempt municipal powers. Masone v. City of Aventura, 147 So. 3d 492, 495 (Fla. 2014) ("[M]unicipal ordinances must yield to state statutes."); and further, that the Legislature's enactment of section 218.077 was within the Legislature's constitutional authority.

In this case, it is clear that the relevant provision of the amendment contains no language expressly nullifying or limiting the statute's preemption provision. Rather, the relevant provision of the amendment states that the amendment both "provides for payment of a minimum wage" and "shall not be construed to preempt or otherwise limit the authority of the state legislature or any other public body" to adopt a higher minimum wage. Art. X, § 24(f), Fla. Const. Thus, a plain reading of the text of section 24(f) tells us that this constitutional provision (i) does

---

[6] Article VIII, Section 2(b) reads, in relevant part: "Municipalities . . . may exercise any power for municipal purposes *except as otherwise provided by law*." (Emphasis added.)

not directly preempt City's higher minimum wage, but also (ii) does not nullify or limit the effectiveness of section 218.077(2), in which the Legislature, through its power to preempt municipal regulation via statute,[7] sought to prohibit political subdivisions from establishing their own minimum wage.

Certainly, had the drafters of Article X, Section 24 wanted to restrict the Legislature's ability to prohibit a municipality from adopting its own minimum wage ordinance, they could have employed clear and direct language to achieve that purpose. For whatever reason, the drafters of the provision chose not to incorporate such language in the text of the amendment and we decline City's invitation to do so by judicial fiat.

We conclude that the 2004 constitutional amendment did not nullify the State's wage preemption statute, which indeed does prohibit local minimum wage ordinances such as the one enacted by City in 2016. Further, we reject the City's argument that the 2003 statute and the 2004 constitutional amendment cannot be read in harmony. As we have explained, Article X, Section 24 and Florida Statutes section 218.077 can stand together without one toppling the other.

### III.    Conclusion

---

[7] Although compelling in their concern that preemption statutes such as section 218.077 are eroding local government home rule, the two amicus curiae briefs essentially pose political issues to this Court, which are outside of this Court's purview.

7

Because section 218.077(2) of the Florida Statutes prevents a municipality from adopting its own minimum wage, and the 2004 amendment to the Florida Constitution does not nullify or limit this statute, we affirm the trial court's summary judgment invalidating City's 2016 minimum wage ordinance.

Affirmed.